# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BOYD PACE, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-14-750-HE |
| | ) |
| WARDEN MICHAEL K. ADDISON, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that the court dismiss it on filing.

## I. Background.

In Oklahoma County District Court, Petitioner pleaded nolo contendere to six counts of indecent or lewd acts with a child and one count of exhibition of obscene materials to a minor child. Doc. 1, at 1.[1] On March 15, 2006, the state court sentenced Petitioner and he did not appeal. *Id.* Three years later, in May 2009, Petitioner filed his first application for post-conviction relief.

---

[1]   The undersigned's citations refer to the court's CM/ECF pagination.

*Id.* at 3.[2] The state district court denied relief in August 2009, *id.*, and Petitioner did not appeal. *Id.* at 4.

The undersigned judicially notices that almost four years later, in March 2013, Petitioner filed a second application for post-conviction relief. *See* Okla. State Courts Network, *Oklahoma v. Pace*, Case No. CF-2005-3654, Okla. Cnty., docket entry dated March 14, 2013. The state court again denied relief, and Petitioner appealed on May 17, 2013. *Id.*, docket entries dated May 9, 2013, May 17, 2013. The Oklahoma Court of Criminal Appeals affirmed on July 23, 2013. *See id.*, *Pace v. Oklahoma*, Case No. PC-2013-533, Okla. Crim. App., docket entry dated July 23, 2013.

Petitioner filed the instant action on July 14, 2014. Doc. 1, at 12.[3]

---

[2] Petitioner did not provide the date he filed his first application for post-conviction relief, Doc. 1, at 3, but the court may take judicial notice of such information. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (recognizing that courts "may take judicial notice of . . . documents from the public record"); *Arrington v. Williams*, 195 F. App'x 761, 764 n.2 (10th Cir. 2006) (taking "judicial notice of the unpublished decisions of the state courts in [petitioner's] direct appeal and request for postconviction relief"). That date was May 18, 2009. *See* Okla. State Courts Network, *Oklahoma v. Pace*, Case No. CF-2005-3654, Okla. Cnty., docket entry dated May 18, 2009 (the Oklahoma State Courts Network can be accessed at: http://www.oscn.net/applications/oscn/casesearch.asp).

[3] The court deems the petition filed on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted). Petitioner executed the petition on July 14, 2014, Doc. 1, at 12, and the undersigned assumes he gave it to prison officials the same day.

## II. Petitioner's claims.

Petitioner raises three grounds for relief. In Grounds One and Two, Petitioner attacks his underlying conviction based on: (1) a lack of accountability "for the crimes he committed" based on the defense of "automatism or unconsciousness," and (2) ineffective assistance of trial counsel for failing to inform Petitioner that such a defense was available. *Id.* at 4-9. In Ground Three, Petitioner challenges the state courts' decisions not to hold an evidentiary hearing during post-conviction proceedings. *Id.* at 10-11.

The undersigned finds that Grounds One and Two are time-barred, and Ground Three is invalid as a matter of law.

## III. Analysis.

### A. Petitioner's claims challenging his underlying conviction – Grounds One and Two.

In Grounds One and Two, Petitioner challenges his underlying conviction. *Id.* at 4-9. The undersigned finds that these claims are untimely.

#### 1. The starting date for the statute of limitations.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) establishes, in relevant part, a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and

3

one-year statute of limitations). Here, that clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state district court sentenced Petitioner on March 15, 2006. Doc. 1, at 1. Petitioner neither moved to withdraw his guilty plea nor appealed his convictions. *Id.* So, his convictions became final ten days later, or on March 25, 2006. *See Fleming*, 481 F.3d at 1255 (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). Absent tolling, Petitioner's statute of limitations expired one year later, on March 26, 2007. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

### 2. Statutory tolling.

Statutory tolling is available only when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner did not file his applications for post-conviction relief until May 2009 and March 2013. So, Petitioner's applications for post-conviction relief did not statutorily toll his limitations period. *See Fisher v. Gibson*, 262 F.3d 1135,

4

1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post conviction proceedings because his applications for post conviction relief were not filed until [his limitations period had already expired].").

### 3. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted). Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or, (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. And, to warrant equitable tolling, "a petitioner must diligently pursue his federal habeas claims . . . ." *Id.* It is Petitioner's burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Although couched in an argument against procedural bar, Petitioner offers two excuses for a delayed filing: (1) ignorance of the law, and (2) the unavailability of an inmate to help him present his claims. Doc. 1, at 6, 8.

5

The undersigned also liberally construes Petitioner's arguments to include a claim of actual innocence based on incompetence. *Id.* at 7-8. The undersigned finds no evidence of extraordinary circumstances or diligence.

### a. Lack of extraordinary circumstances.

The undersigned first finds that Petitioner has not carried his burden of showing that extraordinary circumstances prevented him from timely filing his habeas petition.

#### i. Ignorance of the law and lack of inmate assistance.

Petitioner complains that he "has NO knowledge of the law or its procedures himself" and that "no other inmate (until now) has been willing or able to assist him in presenting these claims due to the nature of his sexual crimes." *Id.* at 6. However, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus].'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted); *see also Johnson v. Jones*, 502 F. App'x. 807, 810 (10th Cir. 2012) (holding that prisoner's allegation that he had "difficulty obtaining assistance" from law clerks or contract attorneys was insufficient to warrant equitable tolling). So, the undersigned finds that neither Petitioner's own ignorance nor his inability to gain help from another inmate is sufficient to warrant equitable tolling.

6

### b. Actual innocence or incompetence.

According to Petitioner, he suffers from a slew of mental disorders, but primarily "automatism or unconsciousness (blackouts, etc.)," and as a result, "he did NOT remember committing any of the crimes alleged against him." Doc. 1, at 4-5.[4]  Based on this, Petitioner claims that his guilty plea resulted in the conviction of one who is "actually innocent or incompetent." *Id*. at 6.

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-537 (2006) (internal quotations omitted).  So, "[t]o raise a 'colorable claim of actual innocence,' a petitioner must 'support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Sandoval v. Jones*, 447 F. App'x 1, 5 (10th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995)).

Petitioner cannot meet this burden, primarily because he does not allege *factual* innocence.  Instead, he claims that he cannot be held "accountable" for his crimes because he does not remember committing them.

---

[4]  Notably, nowhere in Petitioner's twelve-page petition or attached affidavit does Petitioner allege that these mental illnesses prevented him from timely filing his petition.

7

Doc. 1, at 4. But "'actual innocence' means factual innocence, not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998). For this reason, the undersigned finds that Petitioner's argument involving his alleged inability to remember committing his crimes, whether viewed as an "actual innocence" or incompetence claim, does not warrant equitable tolling. *See Foust v. Jones*, 261 F. App'x 131, 132 (10th Cir. 2008) (affirming the district court's rejection of equitable tolling based on petitioner's claim that "he was actually innocent of the crimes for which he was convicted on account of his incompetence" where petitioner "failed to present any new evidence calling his conviction into question").

### c. Lack of diligence.

The undersigned also finds that Petitioner has not diligently pursued his claims.

As illustrated above, Petitioner waited until May 2009 – over three years after his convictions – to file his application for post-conviction relief. He then waited almost another four years – until March 2013 – to file his second application for post-conviction relief. Finally, after the state appellate court affirmed the denial of post-conviction relief, Petitioner waited another year – from July 2013 to July 2014 – to file his habeas petition. In all, it took Petitioner seven years *after* his statute of limitations expired to file his

federal habeas petition. So, it is clear to the undersigned that Petitioner has not diligently pursued his claims for purposes of equitable tolling.

4. **Summary.**

Petitioner's statute of limitations expired on March 26, 2007, and he is not entitled to statutory or equitable tolling. Because Petitioner did not file the instant petition until July 14, 2014, the undersigned recommends that the court dismiss Petitioner's Grounds One and Two challenging his underlying conviction.

B. **Petitioner's claim involving the state courts' alleged errors in post-conviction proceedings – Ground Three.**

As noted above, Petitioner seeks federal habeas relief because during post-conviction proceedings the state courts refused to grant him an evidentiary hearing. Doc. 1, at 10-11. The undersigned finds that this claim does not entitle Petitioner to federal habeas relief.

It has long been established that "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Thus, Petitioner's claim, which focuses "only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, . . . states no cognizable federal habeas claim." *Id.* (citations omitted). The undersigned therefore recommends that the court dismiss this claim as

meritless. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings." (citing *Sellers*, 135 F.3d at 1339)).

## IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's claims challenging his conviction – Grounds One and Two − are untimely. Further, Petitioner's Ground Three, relating to the state courts' alleged refusal to grant him an evidentiary hearing during post-conviction proceedings, is meritless. The court should therefore dismiss the petition on filing.

The court advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by September 18, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93–2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with

magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 29th day of August, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE