# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOYD PACE, | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-14-0750-HE |
| WARDEN MICHAEL K. ADDISON, | ) |
| Respondent. | ) |

## ORDER

Petitioner Boyd Pace, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred to Magistrate Judge Suzanne Mitchell, who recommends that the petition be dismissed on filing. *See* Rule 4, Rules Governing 2254 Proceedings. Petitioner has filed an objection and the court, after conducting a *de novo* review, concludes the petition should be dismissed.

In January 2006, petitioner pleaded nolo contendere to ten counts of indecent or lewd acts with a child under sixteen and one count of exhibition of obscene materials to a minor child.[1] He was sentenced in March 2006 to 31 years imprisonment on the various counts, some of which were to run concurrently and others to run consecutively. He did not appeal. Three years later petitioner sought post-conviction relief. The state district court denied his application and petitioner did not appeal. Almost four years later

---

[1]*The court, like the magistrate judge, has taken judicial notice of the public records of the District Court of Oklahoma County. See Okla. State Courts Network,* State of Okla. v. Pace, Boyd Keith, *Case No. CF–2005–3654, District Court in and for Oklahoma County, Oklahoma, http:// www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (as accessed Nov. 4, 2014).*

petitioner filed a second application for post-conviction relief, which was denied. Petitioner appealed and the Oklahoma Court of Criminal Appeals affirmed the decision on July 26, 2013. He then filed this habeas action on July 14, 2013.[2]

Petitioner asserts three grounds for relief in his habeas petition. The magistrate judge concluded that the first two, in which petitioner challenges his underlying convictions, are time-barred. She determined that the third – based on the lack of an evidentiary hearing during the post-conviction proceedings– lacks merit as it fails to state a federal constitutional claim.

Because petitioner neither moved to withdraw his plea nor appealed his convictions, they became final on March 25, 2006. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the one year statute of limitations for petitioner to file his federal habeas petition, set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), ran on March 26, 2007. *See* 28 U.S.C. § 2244(d)(1). Petitioner did not, though, file his habeas petition until July 14, 2014.

The magistrate judge found no basis for statutory tolling of the limitations period. She also found no basis for equitable tolling, which generally "requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).

---

[2]*The magistrate judge deemed the petition filed on the date petitioner gave it to prison officials for mailing, which she assumed was the day it was executed.. Doc. #1, p. 12.*

The magistrate judge was not persuaded that petitioner's claimed ignorance of the law and the lack of an inmate to help him present his claims constituted extraordinary circumstances that prevented him from filing his habeas petition on time. The court agrees. *See* Yang, 525 F.3d at 928-30. The court also agrees with the magistrate judge that petitioner's failure to present "new evidence calling his conviction into question," prevents him from demonstrating the actual, i.e. factual, innocence, needed to warrant equitable tolling. *See* Foust v. Jones, 261 Fed. Appx. 131, 133 (10th Cir. 2008).[3]

Even if petitioner had met his burden of demonstrating extraordinary circumstances, he did not show that he diligently pursued his habeas rights. He offers no explanation as to why it took him over seven years after the statute of limitations ran to file his federal habeas petition. Instead, in his objection petitioner asks the court to hold the case in abeyance to allow him to exhaust federal claims which he states are now pending in state court and which, he asserts, will demonstrate that tolling applies. He also requests an evidentiary hearing to support his request for a stay. The problem is petitioner did not identify the unexhausted claims or attach a copy of any state post-conviction filing to his objection. He also offered no explanation as to why those claims were not previously exhausted along with the claims he did pursue in his two prior post-conviction applications.

---

[3]*As the magistrate judge noted in her Report and Recommendation, petitioner did not allege in his petition that the mental disorders which he claims prevented him from remembering that he committed any of the crimes, also prevented him from filing his habeas petition within the time constraints set by AEDPA. See Report and Recommendation, p. 7 n.4.*

Under these circumstances the court concludes petitioner has not demonstrated either that he diligently pursued his claims for purposes of equitable tolling or that he is entitled to a stay to allow him to exhaust any unexhausted claims. Petitioner's first two grounds for relief will be dismissed as being untimely.

In his third ground for relief petitioner claims the state district and appellate courts erred by failing to hold an evidentiary hearing during the post-conviction proceedings. The magistrate judge rejected this claim. She concluded petitioner failed to state a federal habeas claim because he was not challenging the judgment that provided the basis for his conviction, but rather the post-conviction remedy, which states are not required by the Constitution to provide. The court agrees and the third ground for relief will be dismissed for lack of merit. *See* Neiberger v. McCollum, 577 Fed. Appx. 850, 853 n.1 (10th Cir. 2014).

The magistrate judge correctly concluded that it appears from the face of the habeas petition that petitioner is not entitled to relief. Grounds one and two of the habeas petition are barred by the one year statute of limitations and ground three fails to state a federal constitutional claim.

Accordingly, the court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation, and **DISMISSES** the habeas petition. *See* Rule 4, Rules Governing 2254 Proceedings. The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 5th day of November, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE